**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01939-GPG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

ZACHARY A. CHESSER,

    Plaintiff,

v.

DIRECTOR, BUREAU OF PRISONS,

    Defendant.

---

**ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY**

---

On December 22, 2014, Mr. Chesser filed *pro se* a Complaint for Declaratory and Injunctive Relief in the United States District Court for the District of Columbia. (ECF No. 3). On the same day, that Court granted Mr. Chesser leave to proceed *in forma pauperis*. (ECF No. 1-9). On July 15, 2015, the Court granted Defendant's Motion to Transfer the case to the District of Colorado. (ECF No. 1). The case was transferred and docketed in this Court on September 8, 2015. (ECF No. 1 and 3).

The court must construe the Complaint liberally because Mr. Chesser is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. As part of the court's review pursuant to D.C.COLO.LCivR 8.1(a) and (b), the court has determined that the

Complaint is deficient as described in this order. Therefore, Mr. Chesser will be ordered to cure the following deficiency if he wishes to pursue his claims in this action.

Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing authorization to calculate and disburse filing fee payments
(7) ___ is missing an original signature by the prisoner
(8) ___ is not on proper form (must use the court's current form)
(9) ___ names in caption do not match names in caption of complaint, petition or habeas application
(10) ___ other:

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) xx is not on proper form (must use current court-approved form).
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page nos. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ names in caption do not match names in text
(17) ___ addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) ___ other: _____.

The Prisoner Complaint is not on the Court-approved Prisoner Complaint form. Local Civil Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-approved forms found on the Court's website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917,

918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights).  Accordingly, it is

ORDERED that Applicant cure the deficiency designated above **within thirty (30) days from the date of this order**.  Any papers that Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the court-approved Prisoner's Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiency **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED September 10, 2015, at Denver, Colorado.

BY THE COURT:

 s/ Gordon P. Gallagher
United States Magistrate Judge