IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01939-GPG

ZACHARY A. CHESSER,

      Plaintiff,

v.

DIRECTOR, FEDERAL BUREAU OF PRISONS,

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED PRISONER
COMPLAINT AND DENYING PENDING MOTIONS

---

Plaintiff, Zachary A. Chesser, is in the custody of the Federal Bureau of Prisons

(BOP), currently incarcerated at the United States Penitentiary Florence ADMAX facility

in Florence, Colorado.  Mr. Chesser initiated this action on December 22, 2014 by filing

*pro se* a Prisoner Complaint in the United States District Court for the District of

Columbia (ECF No. 1-1).  On May 14, 2015, the Defendant moved to transfer this case

to the District of Colorado.  (ECF No. 1-20).  The Defendant's motion was granted by

the District of Columbia District Court on July 15, 2015.  (ECF No. 1).  The action was

docketed in this court on September 8, 2015.  (ECF No. 1).  On September 10, 2015,

Magistrate Judge Gordon P. Gallagher ordered Mr. Chesser to cure certain designated

deficiencies in his complaint. (ECF No. 4).  Specifically, the Court directed Mr. Chesser

to file his prisoner complaint on the current court-approved form.  On October 7, 2015,

Mr. Chesser filed an amended Prisoner Complaint (ECF No. 8).

Mr. Chesser has also filed a Motion to Take Judicial Notice (ECF No. 6), a Motion for Appointment of Counsel (ECF No. 9), a Motion for Mediation (ECF No. 17), a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (ECF No. 18), and a Motion for Summary Judgment (ECF No. 19).  The Court will address the TRO Motion in a separate order.

The Amended Complaint alleges four claims: (1) BOP Program statement 5360.09's ban on religious gatherings violates RFRA; (2) BOP Program statement 5360.09's ban on religious  gatherings violates the Establishment Clause; (3) the Director's policy of housing Muslims with ties to terrorism in long term solitary confinement solely because of these ties violates RFRA; and (4) Mr. Chesser's conditions of confinement at ADX Florence substantially burden his sincere religious exercise in violation of RFRA.  Mr. Chesser purports to bring claims one, two, and three on behalf of "all Sunni Muslim prisoners confined within the Bureau of Prisons." (ECF No. 8 at 9).  Mr. Chesser requests declaratory and injunctive relief. (ECF No. 8 at 8).

The court must construe the amended Prisoner Complaint and other submitted documents liberally because Mr. Chesser is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Chesser will be ordered to file a Second Amended Prisoner Complaint if he wishes to pursue his claims in this action.

## I.       Amended Prisoner Complaint

Mr. Chesser purports to bring claims one through three as a class action suit on behalf of "all Sunni Muslim prisoners confined within the Bureau of Prisons." (ECF No. 8 at 9).  However, a *pro se* plaintiff may not represent other *pro se* litigants in federal court, *see* 28 U.S.C. § 1654, and is not an adequate class representative for a putative class action.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("[T]he competence of a layman is clearly too limited to allow him to risk the rights of others.") (internal quotation marks omitted).  Further, the Court notes that Mr. Chesser is seeking declaratory and injunctive relief; if he is successful in this action, and receives his requested relief of forcing the BOP to change its policies, it will affect all of the federal prisoners that are allegedly "similarly situated."  Accordingly, Mr. Chesser should amend his complaint to only assert his own personal claims and to delete references to the claims and factual allegations of others. *See* 28 U.S.C. § 1654 (providing that parties "may plead and conduct their own cases personally").

In addition, Mr. Chesser's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The Amended Prisoner Complaint is eighty-six pages long and the allegations are unnecessarily verbose.  Although Mr. Chesser filed a "Notice" with the Court alleging that his handwritten pleadings "fit only about 35% of the characters on one page which a typical double-spaced pleading would," (ECF No. 13), the Court finds that the eighty-six page amended Prisoner Complaint is not simple, concise, and direct. It contains a substantial amount of factual allegations and details that are irrelevant to his claims or are based on other inmates' experiences, and at numerous times, the amended complaint is repetitive.

In the Second Amended Prisoner Complaint he will be directed to file, Mr. Chesser must allege, simply and concisely, his specific claims for relief.  He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule

8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting a Second Amended Prisoner Complaint that meets the requirements of Fed. R. Civ. P. 8.

Mr. Chesser, therefore, will be directed to file a Second Amended Prisoner Complaint that states his claims clearly and concisely, and only asserts his own personal claims – not those of other prisoners.

## II.    Mr. Chesser's Pending Motions

As this case is still under initial review pursuant to D.C.COLO.LCivR 8.1(a) and (b), Mr. Chesser's Motion to Take Judicial Notice (ECF No. 6), Motion for Appointment of Counsel (ECF No. 9), Motion for Mediation (ECF No. 17), and Motion for Summary Judgment (ECF No. 19) will be denied as premature.

Mr. Chesser is reminded, when filing future motions, that D.C.COLO.LCivR 7.1(i) mandates that "[m]otions, responses, and replies shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion, response or reply may be stricken or returned for revision, and its filing may be grounds for sanctions." Mr. Chesser's 202 page handwritten Motion for Summary Judgment, accompanied by a 130 page handwritten declaration and 206 pages of additional exhibits, is clearly not "concise." Mr. Chesser is warned that any future motions which fail to follow the directive of

D.C.COLOLCivR 7.1(i) will be stricken and the Court may consider imposing sanctions. Mr. Chesser's *pro se* status does not excuse him from complying with "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Accordingly, it is

ORDERED that Mr. Chesser file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Chesser shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov and use that form to file his Second Amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Chesser fails to file a Second Amended Prisoner Complaint that complies with this order within the time allowed, the action may be dismissed without further notice. It is

FURTHER ORDERED that Mr. Chesser's Motion to Take Judicial Notice (ECF No. 6), Motion for Appointment of Counsel (ECF No. 9), Motion for Mediation (ECF No. 17), and Motion for Summary Judgment (ECF No. 19) are DENIED as premature.

DATED November 5, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge