IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01939-GPG

ZACHARY A. CHESSER,

        Plaintiff,

v.

DIRECTOR, FEDERAL BUREAU OF PRISONS,

        Defendant.

_____

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION

_____

        This matter is before the Court on the Motion for a Temporary Restraining Order

and Preliminary Injunction ("TRO Motion") (ECF No. 18) filed *pro se* by Plaintiff, Zachary

A. Chesser.   The Court must construe the motion liberally because Mr. Chesser is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

        Mr. Chesser is a prisoner in the custody of the Federal Bureau of Prisons, currently

incarcerated at the ADMAX Penitentiary in Florence, Colorado.   He has filed an

Amended Prisoner Complaint (ECF No. 8) asserting four claims: (1) BOP Program

statement 5360.09's ban on religious gatherings violates RFRA; (2) BOP Program

statement 5360.09's ban on religious gatherings violates the Establishment Clause; (3)

the Director's policy of housing Muslims with ties to terrorism in long term solitary

confinement solely because of these ties violates RFRA; and (4) Mr. Chesser's conditions of confinement at ADX Florence substantially burden his sincere religious exercise in violation of RFRA.

Mr. Chesser seeks preliminary injunctive relief "on all counts pursuant to Fed. R. Civ. P. 65 and D.C.COLO.LCIVR. 65.1 as described in the proposed order." (ECF No. 18 at 1). The Court notes that although Mr. Chesser refers numerous times to a "proposed order," there is no such proposed order included in or attached to his TRO Motion.

A party seeking a preliminary injunction must show: (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a

trial on the merits occurs." *Id.*   If the movant is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Chesser has previously filed a Motion for a TRO and Preliminary Injunction in this case. (*See* ECF No. 1-16 and 1-17).   It was denied on April 30, 2015 by Judge Richard J. Leon of the United States District Court for the District of Columbia. (ECF No. 1-19).   Judge Leon's Order Denying the TRO concluded:

> [There was] no basis stated for granting such extraordinary relief because the broadly worded motion seeks the same relief as that sought from the complaint. *See* Fed. R. Civ. P. 65(d)(1) ("Every order granting an injunction [or a TRO] must: . . . (C) describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required.").

(ECF No. 1-19 at 1).   Similar to his previous motion, Mr. Chesser's instant TRO Motion is broadly worded and seeks the same relief as that sought from the complaint.

Further, the Court finds that a TRO in this case would not maintain the status quo, but instead would force the nonmoving party to take affirmative action.   Therefore, as Mr. Chesser is seeking preliminary injunctive relief that seeks to alter the status quo, he must make a heightened showing of the factors required for a preliminary injunction.   In this case, Mr. Chesser's current Amended Prisoner Complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8, and, therefore, he has not shown a "substantial likelihood of prevailing on the merits."   In an attempt to demonstrate his likelihood of prevailing on the merits, Mr. Chesser states that he "incorporates" his motion for summary judgment into his TRO Motion. (ECF No. 18 at 1).   However, his motion for summary judgment will be denied as premature.   And, even if the motion for summary

judgment was not premature, the 202 page handwritten motion, accompanied by a 130 page handwritten declaration, and 206 pages of additional exhibits, would be stricken as "verbose" and not "concise" in violation of D.C.COLO.LCivR 7.1(i).   Therefore, the Court will not incorporate or consider any information or arguments contained in the 500 plus pages filed as his summary judgment motion.   Additionally, Mr. Chesser's TRO Motion fails to show that his threatened injury outweighs the damage the proposed injunction would cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest.   Thus, his TRO Motion will be denied because he has failed to provide a basis for granting such extraordinary relief.   Accordingly, it is

ORDERED that the Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 18) is denied.

DATED at Denver, Colorado, this   9th   day of   November   , 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court