IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01939-GPG

ZACHARY A. CHESSER,

      Plaintiff,

v.

DIRECTOR, FEDERAL BUREAU OF PRISONS,

      Defendant.

---

ORDER TO DISMISS IN PART AND TO DRAW

---

Plaintiff, Zachary A. Chesser, is in the custody of the Federal Bureau of Prisons (BOP), currently incarcerated at the United States Penitentiary Florence ADMAX facility in Florence, Colorado.  Mr. Chesser initiated this action on December 22, 2014 by filing *pro se* a Prisoner Complaint in the United States District Court for the District of Columbia (ECF No. 1-1).  On May 14, 2015, the Defendant moved to transfer this case to the District of Colorado.  (ECF No. 1-20).  The Defendant's motion was granted by the District of Columbia District Court on July 15, 2015. (ECF No. 1).  The action was docketed in this court on September 8, 2015.  (ECF No. 1).  Plaintiff has filed *pro se* a Second Amended Complaint. (ECF No. 22).

Mr. Chesser has been granted leave to proceed in forma pauperis. (ECF No. 1-9).  Therefore, the Court must dismiss the action if Mr. Chesser's claims fail to state a claim upon which relief can be granted, seeks monetary relief from a defendant immune from such relief, or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Second Amended Complaint alleges four claims: (1) BOP Program statement 5360.09's ban on religious gatherings violates RFRA; (2) BOP Program statement 5360.09's ban on religious  gatherings violates the Establishment Clause; (3) the Director's policy of housing Muslims with ties to terrorism in long term solitary confinement solely because of these ties violates RFRA; and (4) Mr. Chesser's conditions of confinement at ADX Florence substantially burden his sincere religious exercise in violation of RFRA.  For the reasons stated below, the Court will dismiss the Second Amended Complaint in part and draw the remaining claims.

## I.    Background

Plaintiff describes himself as a "Sunni Muslim" with "ties to terrorism."  He asserts that he was transferred from the United States Penitentiary in Marion, Illinois to Florence ADMAX in part because he received four disciplinary reports for participating in unauthorized religious gatherings. (ECF No. 22 ta 9, 15, 16).  Prior to his transfer to ADMAX in Florence, he filed a Prisoner Complaint in the Southern District of Illinois. *See Chesser v. Walton*, 3:12-cv-01198-JPG-PMF (S.D. Ill.).  In that case he asserted numerous claims, including that the BOP's policy on banning group prayer violated RFRA and the Free Exercise and Establishment Clauses of the First Amendment. (*See Chesser v. Walton*, 3:12-cv-01198-JPG-PMF (S.D. Ill.), ECF No. 19 at 1).

In this case, Plaintiff's Second Amended Complaint contains a detailed description of the different types of prayers, including group prayer, and celebrations that his religion requires.  He argues that the BOP Policy at issue restricts religious gatherings to once a week, but has no such restriction on other gatherings.

He also argues that at ADMAX Florence he is subjected to prolonged solitary confinement and he has not been allowed to even speak to another Muslim since he arrived.

## II.   Analysis

### A.   Southern District of Illinois Case

Plaintiff's first and second claims, based on the BOP's policy of banning group prayer in violation of RFRA and the First Amendment, are virtually identical to claims he filed in the Southern District of Illinois.  In that case, which was against the Director of the Federal Bureau of Prisons and other Defendants, he alleges that the BOP's ban on group prayer "violates the Free Exercise and Establishment Clauses of the First Amendment . . . and the Religious Freedom Restoration Act ("RFRA")." (*Id.*, ECF No. 19 at 1).  The Government has filed a motion for summary judgment stating that because RFRA offers only injunctive relief, the claim is moot based on Plaintiff's transfer to ADX Florence in Colorado.  However, Plaintiff responded that the claim is not moot for various reasons, including: (1) his transfer to ADX Florence is enjoinable; (2) the policy creates collateral harms which still impact the Plaintiff; and (3) it is applied at every BOP facility by [the Defendants]. (*Id.*, ECF No. 180 at 24-25).  The Southern District of Illinois District Court has not yet ruled on the summary judgment motion and the case is currently set for trial on February 22, 2016. (*Id.*, ECF No. 211).  In fact, the court just recently recruited counsel for Plaintiff for the purposes of trial. (*Id.*, ECF Nos. 220 & 222).  Plaintiff's pro bono attorney entered an appearance on December 17, 2015. (*Id.*, ECF No. 224).

As Mr. Chesser's first and second claims are duplicative of claims in a separate pending federal lawsuit, the claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and 1915A. *See McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks and alteration omitted)).

### B. Remaining Claims

Plaintiff's third and fourth claims, which allege other violations of RFRA, are not included in his case in the Southern District of Illinois.  These claims do not appear to be appropriate for summary dismissal and, therefore, they will be drawn to a presiding judge and, if applicable, a magistrate judge.

For the reasons discussed above, it is

ORDERED that Plaintiff's first claim (RFRA violation because of BOP's policy banning group prayer) and second claim (Establishment clause violation because of group prayer ban) are dismissed as legally frivolous.  It is

FURTHER ORDERED that Plaintiff's third claim (RFRA violation based on solitary confinement policies) and fourth claim (RFRA violation because of conditions of confinement) are drawn to a presiding judge. *See* D.C.COLO.LCivR 8.1(c).

DATED at Denver, Colorado, this __22nd__ day of __December__, 2015.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court