# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01939-NYW

ZACHARY A. CHESSER,

    Plaintiff,

v.

DIRECTOR FEDERAL BUREAU OF PRISONS,

    Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

This action is proceeding before this Magistrate Judge pursuant to 28 U.S.C. § 636(c), D.C.COLO.LCivR 72.2(d), and the Order of Reference for all purposes entered by the Honorable Marcia S. Krieger, Chief Judge, on January 7, 2016. [#37]. Currently pending before the court are: (1) Plaintiff's Motion for Leave to Reconsider Dismissal of Counts 1 & 2 [#32, filed Jan. 4, 2016]; (2) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 22] Under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) [#42, filed Jan. 27, 2016]; (3) Defendant's Motion to Stay Discovery [#44, filed Feb. 5, 2016]; and (4) Plaintiff's Motion for Leave to Amend [#46, filed Feb. 2016].

## BACKGROUND

Plaintiff Zachary A. Chesser ("Plaintiff" or "Mr. Chesser") is an ADMAX prisoner currently incarcerated at United States Penitentiary located in Florence, Colorado ("ADMAX Florence") who initiated this civil action pursuant to the Religious Freedom Restoration Act of

1993 ("RFRA"), 28 U.S.C. § 2000bb-1 *et seq.*, on December 22, 2014 in the United States District Court for the District of Columbia ("D.C. District Court"). [#1-1]. Plaintiff is Muslim, and alleges that the BOP prohibits two or more prisoners from gathering together for the purposes of prayer, though the BOP allows gathering of prisoners for other purposes. [*Id.*] Accordingly, Plaintiff sued the Director of the Bureau of Prisons, in his official capacity, ("Defendant" or "BOP") for declaratory and injunctive relief, seeking to enjoin Defendant from imposing greater restrictions on his religious activities. [*Id.* at 4]. The D.C. District Court granted Mr. Chesser's Motion to Proceed *In Forma Pauperis* [#1-9], allowing Plaintiff to proceed without the full prepayment of fees. [#1-9].

On September 8, 2015, this action was transferred to this court from the D.C. District Court to this court, based on Defendant's motion pursuant to 28 U.S.C. § 1404. [#1]. The D.C. District Court found that while Plaintiff challenges the nationwide policy of the BOP, the relevant actions occurred in Florence, Colorado and it would be more convenient to the witnesses and in the interest of justice to litigate this action in Colorado. [*Id.* at 3]. On September 10, 2015, the court directed Plaintiff to re-file his Complaint on the court-approved form. [#4].

Mr. Chesser filed an Amended Complaint on October 7, 2015 [#86]. He filed on his own behalf and others similarly situated Sunni Muslims and asserted a number of claims, challenging the nationwide policy of the BOP: (1) the BOP Program Statement 5360.09 ban on religious gatherings amounts to a violation of the RFRA; (2) the BOP Program Statement 5360.09 ban on religious gatherings amounts to a violation of the Establishment Clause of the United States Constitution; (3) the Director's Policy of housing Muslims with terrorism ties in long-term

solitary confinement violates RFRA; and (4) Plaintiff's specific confinement substantially burdens his religious beliefs. [#8].

Mr. Chesser then proceeded to file a number of additional motions: Motion to Take Judicial Notice [#6], a Motion for Mediation [#17], a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") [#18], and a Motion for Summary Judgment [#19]. By Order dated November 5, 2015, the Honorable Gordon P. Gallagher directed Plaintiff to file a Second Amended Complaint, noting that a *pro se* prisoner was not permitted to file an action on behalf of others or act as a class representative of a putative class. [#20 at 3]. Judge Gallagher further found that Mr. Chesser's 86-page Amended Complaint violated Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short, plain and direct statement. [*Id.* at 4]. Judge Gallagher directed Plaintiff to file a Second Amended Complaint that complied with Rule 8(a) that reflected his individual claims. [*Id.*]. Mr. Chesser's pending motions were then denied as premature. [*Id.* at 5].

On November 20, 2015, Plaintiff filed his Second Amended Complaint. [#22]. In the Second Amended Complaint, he maintained the same four causes of action from the Amended Complaint, but purported to limit the claims to himself individually. [*Id.*] Pursuant to the court's independent obligation to review complaints in which the plaintiff is proceeding *in forma pauperis* and dismiss if the operative complaint fails to state a claim upon which relief can be granted, seeks monetary relief from a defendant immune from such relief, or are frivolous or malicious, 28 U.S.C. §§ 1915(e)(2) and 1915A, the Honorable Lewis T. Babcock issued an Order dated December 22, 2015, dismissing his first and second claims as almost identical to the action he brought in the United States District Court for the Southern District of Illinois

("Southern District of Illinois"). [#24 at 4]. Senior Judge Babcock determined the third and fourth claims were not duplicative of Mr. Chesser's claims brought in the Southern District of Illinois and were not appropriate for summary dismissal, and directed that the action with the remaining claims be drawn to a presiding judge. [*Id.*]

The action was then drawn to the undersigned Magistrate Judge. [#25]. The Parties consented to the jurisdiction of a Magistrate Judge on January 4, 2016 and January 6, 2016, respectively. [#31, #33]. On January 7, 2016, Chief Judge Krieger entered an Order of Reference, referring this matter for all purposes upon consent of the Parties. [#37]. The court held a Status Conference on January 28, 2016, but has not yet entered a Scheduling Order in the case.

There are four motions currently pending. The first motion, a Motion to Reconsider Dismissal of Counts 1 and 2 (the "Motion to Reconsider"), was filed by Plaintiff on January 4, 2016. [#32]. In the Motion to Reconsider, Plaintiff moves the court to reconsider its dismissal of counts 1 and 2 of his Complaint. [#32 at 1]. Counts 1 and 2 were dismissed by the Honorable Lewis T. Babcock in an Order dated December 22, 2015. [#24]. Judge Babcock stated that Plaintiff's first and second claims, which are based on the BOP's policy of banning group prayer in violation of the Religious Freedom Restoration Act ("RFRA") and the First Amendment, should be dismissed because they are duplicative of claims in a separate pending federal lawsuit, *Chesser v. Walton*, 3:12-cv-01198-JPG-PMF (S.D. Ill.) ("*Chesser I*"). [#24 at 4]. Plaintiff seeks reconsideration of that dismissal on the grounds that the claims in this case are distinct from the claims in *Chesser I*.

The second pending motion is a Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 22] Under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) [#42], filed by Defendant on January 27, 2016. [#42].

The third pending motion is Defendant's Motion to Stay Discovery (the "Motion to Stay") [#44] filed on February 5, 2016. The Motion to Stay requests the court to stay discovery in this case pending resolution of Defendant's Motion to Dismiss. Defendant cites to the nature of Plaintiff's RFRA claims and the fact that RFRA claims would require the BOP to demonstrate that the restrictions at ADMAX Florence are the least restrictive means of furthering its compelling security interests in Plaintiff's case. Defendant represents that evidence about what means are the "least restrictive" will necessarily include sensitive information about ADMAX Florence security measures and the BOP's reasons for implementing those specific controls. Defendant argues that the serious security risks at issue in this case on the basis of the claims advanced here set its request apart from the "run-of-the-mill dispute between civil litigants who merely seek the convenience of a stay." [#44 at 2].

The fourth pending motion is Motion for Leave to Amend ("Motion to Amend") [#46] filed by Plaintiff on February 9, 2016. Plaintiff requests leave to file a Third Amended Complaint. In support of his Motion to Amend, Plaintiff argues that he should be permitted leave to amend his Second Amended Complaint to clarify "every single issue" Defendant raised in its Motion to Dismiss. [#46 at 2]. The court considers each of these motions in turn.

## ANALYSIS

### I.  Motion to Reconsider Dismissal of Counts 1 and 2

The court turns first to Plaintiff's Motion to Reconsider Dismissal of Counts 1 and 2. [#32]. Plaintiff argues that this court should reconsider and allow him to reinstate his first and second claims for relief, which Judge Babcock dismissed as duplicative of the claims in the *Chesser I* case. While there is no specific Federal Rule that provides for reconsideration, this District generally treats reconsideration of a non-final order, as "fall[ing] within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co.*, 2010 WL 420046, at *3. Nonetheless, the prevailing approach adopted by courts considers whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See James v. Dunbar*, No. 09-cv-02479-PAB, 2010 WL 3834335, at *1 (D. Colo. Sep. 27, 2010). Mr. Chesser does not appear to assert that there is either new evidence or legal authority that has emerged since Senior Judge Babcock dismissed his first and second claims for relief. The court then considers whether the prior ruling was clearly in error, and even under the liberal standard applied to a *pro se* litigant's pleadings, finds that it was not.

*Chesser I* involves Mr. Chesser's challenge to a ban on group prayer under the Free Exercise and Establishment Clauses, the Equal Protection Clause, and the RFRA. *See Chesser I*, Amended Complaint for Declaratory, Injunctive and Monetary Relief [ECF No. 19 at 1].[1] Defendants in *Chesser I* include the Director of the Federal Bureau of Prisons and the Attorney General of the United States. *See* [*id.* at 2-6]. Plaintiff's first and second claims in this case are based on Plaintiff's allegations regarding the BOP's policy of banning group prayer in violation of the Religious Freedom Restoration Act ("RFRA") and the First Amendment. [#22 at 4-5, 11-19].

Mr. Chesser argues that his claims in *Chesser I* are narrower than the claims in this case. *See* [#32 at 1-3]. He asserts that the Court in *Chesser I* "has repeatedly declined" to consider "the BOP's national policy" on religious gatherings in that case. [#32 at 2]. He states that he only "has suits [in *Chesser I*] on group prayer five times per day and a local claim which pertains to Arabic classes at a specific prison." [*Id.*]; *see also* [#40 at 2]. He suggests that his claims in the present case are broader, challenging restrictions on "*all* religious gatherings." *See* [*id.* at 1 (emphasis in original)]. Mr. Chesser also argues that *Chesser I* "only has the potential to (1) enjoin the Director from enforcing PS 5360.09 against Islam's five daily prayers, (2) to expunge his incident reports for that conduct, and (3) to reverse his ADX transfer for that conduct." [#40 at 2].

The court finds that the relationship between the claims in *Chesser I* and the present case is not as clear-cut as Mr. Chesser represents. Indeed, there is notable overlap, including that the

---

[1] Where the court refers to the filings made in Electronic Court Filing ("ECF") system in this action, it uses the convention [#_]. When the court refers to the ECF docket number for a different action, it uses the convention [ECF No. _]. In either case, the court identifies the page number as assigned by the ECF system.

claims in both cases challenge BOP Program Statement P5360.09 to the extent it bans group prayer. In June 2014, Mr. Chesser was transferred from USP-Marion to ADMAX Florence. In *Chesser I*, Mr. Chesser argued that his claims for injunctive relief in that case were not rendered moot by his transfer because the policy that he challenges in *Chesser I* allegedly banning group prayer "is applied at every BOP facility by Holder (or Lynch) and [BOP Director] Samuels[.]" *See Chesser I*, Response to Defendants' Motion for Summary Judgment, [ECF No. 180 at 24]. The policy at issue in *Chesser I* is contained in a BOP Program Statement regulating religious accommodations, which provides that "[t]he level of scheduled activities is expected to be commensurate with the institution's mission/need. Authorized congregate services will be made available for all inmates weekly with the exception of those detained in any Special Housing Units (SHUs)." BOP Program Statement P5360.09, *Religious Beliefs and Practices* at 3, § 7.a., available at http://www.bop.gov/policy/progstat/5360_009.pdf; *see also Chesser I*, [ECF No. 180 at 27 (referencing Program Statement P5360.09, and asserting that "[t]he policy is a national policy")]. Similarly, claims one and two which Judge Babcock dismissed in this case challenge the same BOP Program Statement P5360.09. *See* [#22 at 4 ("Claim One: BOP Program Statement 5360.09's ban on religious gatherings violates RFRA"); #22 at 5 ("Claim Two: BOP Program Statement 5360.09's ban on religious gatherings violates the Establishment Clause"); *see also* #22 at ¶ 9 ("The supervision policy is in PS5360.09 section 7(d)."); *id.* at ¶ 10 ("The policy limiting religiously motivated gatherings to one per week is section 7(a) of PS5360.09.").

Not only does Mr. Chesser challenge the applicability of the same BOP Program Statement P5360.09 in both cases, but as he acknowledges, the claims in *Chesser I* involve a challenge of the BOP's "ban" on five-times-daily group prayer, which he also challenges in the

8

present case. Mr. Chesser suggests that claims one and two should move forward because he is only challenging the BOP Program Policy in *Chesser I* to the extent it pertains to five-times-daily group prayer, where here he also challenges numerous forms of group prayer, religious classes, celebrations, and general religious gatherings. [#32 at 2-3]. However, the court finds that attempting to parse out the components of Mr. Chesser's first and second claims in this case to only move forward with discovery on the components of these claims which Mr. Chesser alleges are not at issue in *Chesser I* is not efficient and may not even be feasible, particularly considering the plain overlap, if not outright duplication between the claims in the two cases. In addition, *Chesser I* is set for trial before the United States District Court for the Southern District of Illinois on May 23, 2016, having been re-set due to pending motions for summary judgment. *Chesser I*, [ECF No. 232]. Regardless of the outcome of *Chesser I*, this court will be better informed as to any overlap in issues between the two cases.

Accordingly, the court denies Mr. Chesser's Motion to Reconsider Dismissal of Counts 1 and 2.

## II.     Motion for Leave to Amend

The court turns next to Plaintiff's Motion for Leave to Amend [#46]. In the Motion for Leave to Amend, Plaintiff seeks leave from the court to docket a Third Amended Complaint, which he states "clarifies every single issue" raised in Defendant's Motion to Dismiss.

Prior to the deadline for amending pleadings set out in the scheduling order governing a case, Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

Here, the court does not find that there was undue delay or undue prejudice to the opposing party. Defendant does not oppose the Motion to Amend. The court has not yet entered a Scheduling Order in this case, meaning that discovery is not underway. Moreover, as set forth below, the court is granting Defendant's Motion to Stay Discovery. Finally, the court notes that under the facts and circumstances of this case, Defendant has not expressed specific concerns about futility, and the court anticipates that Defendant will address its concerns in that regard by filing an appropriate motion to dismiss.

Nevertheless, the proposed Third Amended Complaint that Plaintiff attached as an exhibit to his Motion to Amend reasserts the first and second claims for relief which were dismissed from this case by Judge Babcock. *See* [#48-1 at 5-6]. The court understands that at the time Plaintiff filed the Motion to Amend, the court had not yet ruled on Plaintiff's Motion for Reconsideration. Nevertheless, in this Order the court denies the Motion for Reconsideration, making the inclusion of claims one and two in the Third Amended Complaint improper. Pursuant to D.C.COLO.LCivR 15.1(b), Plaintiff is given 14 days from the date of this Order to file an updated Third Amended Complaint which does not include the first and second claims for relief.

**III.    Motion to Dismiss**

Prior to the date on which Mr. Chesser filed his Motion for Leave to Amend, Defendant filed a Motion to Dismiss. [#42]. Defendant seeks to dismiss Plaintiff's claims on the grounds

that Plaintiff lacks standing and has not stated a plausible claim for relief for his third claim for relief under the RFRA based on BOP policies that allegedly "make it much easier to place [inmates with ties to terrorism] in solitary confinement for extensive periods of time," and thus allegedly impose a substantial burden on Plaintiff's "ability to engage in . . . religious gatherings . . . because gathering itself is restricted." *See* [#42 at 11-15; #22 at ¶¶ 33, 37]. Defendant also seeks to dismiss Plaintiff's fourth claim for relief under the RFRA based on his conditions of confinement at the ADMAX Florence on the basis that Plaintiff has failed to plead a claim for relief under the plausibility standard of Fed. R. Civ. P. 12(b)(6). [#42 at 15-26].

"The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded." *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted). Defendant's Motion to Dismiss directed to the Second Amended Complaint will also be moot upon filing of the Third Amended Complaint by Mr. Chesser. *See AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"). Accordingly, Defendant's Motion to Dismiss is denied as moot. Defendant may answer or otherwise respond to Plaintiff's Third Amended Complaint after Plaintiff files an updated version of the Third Amended Complaint which omits claims one and two.

## IV. Motion to Stay Discovery

The court turns next to Defendant's Motion to Stay Discovery. [#44]. Defendant requests the court stay discovery in this case pending resolution of its Motion to Dismiss. [#44 at 2]. Because the court denies the Motion to Dismiss as moot, the Motion to Stay Discovery pending the Motion to Dismiss is also denied as moot. However, the court will consider the issues presented by both Parties in the context of briefing the Motion to Stay in determining whether to move forward with setting a Scheduling Conference prior to the filing of an Answer in this case.

Defendant argues that discovery should be stayed in this matter because there unique circumstances in this case which raise safety and security concerns, including that Mr. Chesser's claims under the RFRA requires that the BOP must demonstrate that the restrictions on group prayer at the ADMAX Florence are the least restrictive means of furthering its compelling security interest in Mr. Chesser's case. [#44 at 1]. If Mr. Chesser's RFRA claims are not dismissed, Defendant represents that discovery will include examination of the specific safety and security risks Plaintiff poses and how the BOP manages them. [#44 at 2]. Not only are there likely to be disputes about the production and access to this information, but Defendant argues that producing such sensitive information to a pro se ADMAX Florence inmate inevitably may create a risk that prison security controls and the BOP's deliberations about what controls to use will be compromised. [#44 at 2]. Plaintiff argues that he would be prejudiced by a stay of discovery because his claims in this case include a request for injunctive relief, and without that relief his religious exercise is severely burdened and he is forced to endure extremely undesirable placement in solitary confinement and at ADMAX Florence. [#47 at 7].

This court has yet to set a Scheduling Conference in this case or enter a Scheduling Order. Rule 16(b)(2) provides that a judge must issue a scheduling order as soon as practicable, unless she finds good cause for delay. Fed. R. Civ. P. 16(b)(2). Though not squarely applicable, the Court considers the following factors in determining whether to refrain from entering a Scheduling Order and opening discovery in this matter: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

While the court recognizes that a stay of discovery will lengthen the timing of this case, on balance, this court finds that discovery in this matter should be delayed until the court and the Parties have a firm understanding of what issues will proceed in this matter. In addition, *Chesser I* is scheduled for trial in the coming two months, and the court anticipates that there may be some issues—both evidentiary and otherwise—that may be resolved or better framed by the resolution of that case. Therefore, this court finds good cause under Rule 16(b)(2) to delay the entry of a Scheduling Order and stay the opening of discovery as contemplated by Rule 26(d)(1) until an Answer is filed in this matter.

## CONCLUSION

Therefore, for the foregoing reasons, **IT IS ORDERED** that:

(1)   Plaintiff's Motion for Leave to Reconsider Dismissal of Counts 1 & 2 [#32] is **DENIED**;

(2) Plaintiff's Motion for Leave to Amend [#46] is **GRANTED IN PART** and **DENIED IN PART**;

(3) Plaintiff is directed to file a Third Amended Complaint which does not include counts 1 and 2 no later than 14 days after the date of this Order;

(4) Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 22] Under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) [#42] is **DENIED** as **MOOT**; and

(5) Defendant's Motion to Stay Discovery [#44] is **DENIED** as **MOOT**, but the entry of a Scheduling Order and discovery in this case is **STAYED** pending the filing of an Answer and further Order of the court.

DATED: March 25, 2016                    BY THE COURT:

                                         s/ Nina Y. Wang
                                         United States Magistrate Judge