**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01939-NYW

ZACHARY A. CHESSER,

      Plaintiff,

v.

DIRECTOR FEDERAL BUREAU OF PRISONS,

      Defendant.

---

**MEMORANDUM OPINION AND ORDER**

---

Magistrate Judge Nina Y. Wang

      This action is proceeding before this Magistrate Judge pursuant to 28 U.S.C. § 636(c), D.C.COLO.LCivR 72.2(d), and the Order of Reference for all purposes entered by the Honorable Marcia S. Krieger, Chief Judge, on January 7, 2016. [#37]. Currently pending before the court is Plaintiff Zachary Chesser's ("Plaintiff" or "Mr. Chesser") Third Motion for Appointment of Counsel ("Motion to Appoint Counsel"). [#91, filed March 6, 2017].

      The court has discussed the background of this case in great detail in previous orders, *see e.g.*, [#24; #56; #86], and will discuss it here only as it relates to the pending Motion to Appoint Counsel. Mr. Chesser filed his first motion to appoint counsel on October 7, 2015. [#9]. The Honorable Gordon Gallagher denied that motion as premature on November 11, 2015. [#20 at 6]. Mr. Chesser filed his second motion to appoint on June 9, 2016 [#56], which the undersigned denied on June 24, 2016. [#61].

In the present Motion to Appoint Counsel, Mr. Chesser requests that the court appoint him an attorney because his case has advanced to the discovery phase and because of his recent filing of a preliminary injunction. [#91 at 1–2]. Mr. Chesser asserts that he is not "so unable to grasp the relevant law that this might help his case for counsel, nor are Claim 1 & 2 hard to win as he sees things." [*Id.* at 3]. However, according to Plaintiff, "this case has the potential to directly affect hundreds of thousands of people and claims 3 & 4 really need an attorney's skills and access." [*Id.*].

Mr. Chesser continues that the interest of justice demands counsel, because all of his claims present significant questions of law that have the potential for United States Supreme Court review. [*Id.* at 3–10].[1] Plaintiff also maintains that counsel is necessary because he cannot conduct meaningful discovery on his own. [*Id.* at 11]. Namely, Plaintiff hopes to use a counterterrorism expert and criminologist to help prove his claims or broker a settlement in this case. [*Id.* at 11–12]. Lastly, Plaintiff avers, "[a]t this point the court should know that Chesser will almost certainly prevail on all four claims, only the scope of relief is a serious question." [*Id.* at 12–13].

A trial court exercises its discretion in determining whether to appoint counsel in a civil case. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). The court also considers the degree to which the interests of justice

---

[1] Plaintiff also asserts that he still intends to turn his case into a class action, which would require assistance of counsel. [#91 at 8].

will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel. *See* Part III.C. of the U.S. District Court's Pilot Program to Implement A Civil Pro Bono Panel, www.cod.uscourts.gov/Court Operations/RulesProcedures/PilotProjects.aspx. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (citation omitted).

On review of the case file in this action, the court is not persuaded on the record before it that the merits and complexity of this case warrant appointment of counsel at this time, or that counsel is necessary to allow Mr. Chesser to pursue meaningful discovery on his remaining claims. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (holding that appoint of counsel is necessary only in "extreme case where the lack of counsel results in fundamental unfairness."). Indeed, Mr. Chesser has successfully defended against a Rule 12(b)(6) motion, *see* [#86], and by his own admission, Plaintiff contends that he is not "so unable to grasp" the law applicable to his claims, that Claims I and II should be easy to win, and that the court should already know that he is likely to prevail on all of his claims. Moreover, the court finds Plaintiff sufficiently educated and articulate to conduct this action. *See Witmer v. Grady Cty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) (affirming the district court's denial of appointment of counsel because the plaintiff had the ability to understand and present his claims *pro se*). The court accordingly cannot conclude that the interests of justice would be served by appointment of civil counsel at this time.

**CONCLUSION**

Based on the foregoing, the Motion for Appointment of Counsel [#91] is **DENIED**.

DATED: March 7, 2017                    BY THE COURT:


                                        s/ Nina Y. Wang
                                        United States Magistrate Judge