# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01939-NYW

ZACHARY A. CHESSER,

    Plaintiff,

v.

DIRECTOR FEDERAL BUREAU OF PRISONS,

    Defendant.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

    This action is proceeding before this Magistrate Judge pursuant to 28 U.S.C. § 636(c), D.C.COLO.LCivR 72.2(d), and the Order of Reference for all purposes entered by the Honorable Marcia S. Krieger, Chief Judge, on January 7, 2016. [#37]. Currently pending before the court is Plaintiff Zachary Chesser's ("Plaintiff" or "Mr. Chesser") Fourth Motion for Appointment of Counsel ("Motion to Appoint Counsel"). [#167, filed October 10, 2017].

    The court has discussed the background of this case in detail in previous orders, *see e.g.*, [#24; #56; #86], and will discuss it here only as it relates to the pending Motion to Appoint Counsel. Mr. Chesser filed his first motion to appoint counsel on October 7, 2015. [#9]. The Honorable Gordon Gallagher denied that motion as premature on November 11, 2015. [#20 at 6]. Mr. Chesser filed his second motion to appoint on June 9, 2016 [#56], which the undersigned denied on June 24, 2016. [#61]. Mr. Chesser filed his third motion on March 6, 2017, which the undersigned again denied. *See* [#94].

In the present Motion to Appoint Counsel, Mr. Chesser requests that the court appoint him an attorney because he cannot afford to conduct a deposition or to retain an expert, and cannot access eyewitnesses due to his incarceration. [#167 at 1]. Essentially, Plaintiff seeks to depose a BOP employee and hire an expert to refute the BOP's arguments that his placement at ADX was a response to a legitimate security concern, not because of his religious beliefs. [*Id.* at 1–2]. In addition, Plaintiff contends that the BOP is considering settlement with similar group prayer cases, but that Plaintiff cannot participate in those discussions unless he is appointed counsel because he cannot easily reach counsel in these other cases. [*Id.* at 3]. Mr. Chesser continues that he wishes to coordinate discovery in his case and others, and that it may make more sense to consolidate these matters in the future. [*Id.*].

A trial court exercises its discretion in determining whether to appoint counsel in a civil case. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). The court also considers the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of appointed counsel. *See* Part III.C. of the U.S. District Court's Pilot Program to Implement A Civil Pro Bono Panel, www.cod.uscourts.gov/Court Operations/RulesProcedures/PilotProjects.aspx. "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (citation omitted).

On review of the case file in this action, the court is not persuaded on the record before it that the merits and complexity of this case warrant appointment of counsel at this time, or that counsel is necessary to allow Mr. Chesser to pursue meaningful discovery on his remaining claims. *See Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012) (holding that appoint of counsel is necessary only in "extreme case where the lack of counsel results in fundamental unfairness."). Indeed, Mr. Chesser admits that he has completed the "[m]ost meaningful discovery a pro se party can do" to this point. [#167 at 1]. And Mr. Chesser has cogently engaged with this court and the BOP in several discovery related matters. Further, as explained in its earlier Orders, the court finds Plaintiff sufficiently educated and articulate to conduct this action. *See Witmer v. Grady Cty. Jail*, 483 F. App'x 458, 462 (10th Cir. 2012) (affirming the district court's denial of appointment of counsel because the plaintiff had the ability to understand and present his claims *pro se*).

In addition, there is insufficient information or evidence before this court to convince it that Mr. Chesser's claims are sufficiently similar in identity to any other inmate so that he should be given counsel to coordinate discovery or settlement across disparate cases, or to seek some type of consolidation. [#167 at 2–3]. Indeed, this action has been proceeding since 2015 in this court, and discovery is set to close on January 23, 2018. Given the procedural posture of this matter, the court accordingly cannot conclude that the interests of justice would be served by appointment of civil counsel at this time.

## CONCLUSION

Based on the foregoing, the Motion for Appointment of Counsel [#167] is **DENIED**.

DATED: October 30, 2017         BY THE COURT:


                                s/ Nina Y. Wang
                                United States Magistrate Judge