# Attachment 2
# Declaration of David Jones

# Plea Agreement, *United States v. Chesser*, No. 1:10-cv-00395-LO

*Chesser v. Bureau of Prisons*, No. 15-cv-01939-NYW

FILED
IN OPEN COURT

OCT 2 0 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 1:10cr395 |
| | ) |
| ZACHARY ADAM CHESSER, | ) |
| | ) |
| Defendant. | ) |

PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Gordon D. Kromberg, and Thomas H. McQuillan, Assistant United States Attorneys, John T. Gibbs, Department of Justice Trial Attorney, the defendant, ZACHARY ADAM CHESSER, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a three-count criminal information charging the defendant with (1) communicating threats, in violation of 18 U.S.C. § 875(c), for which the maximum term of imprisonment is five years; (2) soliciting others to engage in conduct constituting a felony that has as an element the threatened use of physical force against another, in violation of 18 U.S.C. § 373, for which the maximum term of imprisonment is ten years; and (3) attempting to provide material support to a designated terrorist organization, in violation of 18 U.S.C. § 2339B, for which the maximum term of imprisonment is fifteen years. The maximum penalties for each of these offenses include a fine of $250,000, full restitution, a special assessment, and three years of supervised release. The defendant

understands that these supervised release terms are in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2.    Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**3.    Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. **The United States and the defendant agree that at least Count 3 (material support for terrorism, in violation of 18 U.S.C. § 2339B) is a felony that involved and was intended to promote a federal crime of terrorism.**

5. **Acceptance of Responsibility**

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate

3

their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

### 6. Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 7. Waiver of DNA Testing

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction. Nonetheless, the defendant knowingly waives that right. The defendant further understands that

this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

8.   **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

9.   **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

10.   **Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts,

except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the information as an offense or set forth in the statement of facts. In such a prosecution the United States may allege and prove conduct described in the information or statement of facts. "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16. **In consideration for the government's agreement to not further criminally prosecute the defendant for the specific conduct described in the information or statement of facts as described in this paragraph, the defendant agrees to ask at sentencing for a sentence that includes no less than 240 months of incarceration. This limitation is not applicable to motion by the government for a sentence reduction for cooperation pursuant to Fed. R. Crim. P. 35.**

11. **Prosecution of Proscovia Nzabanita**

In consideration for the defendant's agreement to the terms specified in this plea agreement, the United States agrees that it will not further criminally prosecute Proscovia Nzabanita in the Eastern District of Virginia for conspiring to commit or aiding and abetting the commission of the conduct described in the information or statement of facts, so long as she pleads guilty within 60 days to making false official statements, in violation of 18 U.S.C. § 1001, in connection with her statements to law enforcement officials in July 2010, or another felony charge acceptable to the United States. Notwithstanding the previous sentence, the United States may prosecute her for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the information as an offense or set forth in the statement of facts.

**12.     Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

- a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

- b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

- c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

- d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

- e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

- f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any

such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**13. Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to U.S.S.G. section 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

**14. Prosecution in Other Jurisdictions**

The United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information

that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the United States Attorney's Office for Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

### 15. Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 16. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

**17. Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

  a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

  b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

  c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of

       this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 18. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any

modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

> Neil H. MacBride
> United States Attorney
>
> John T. Gibbs
> Trial Attorney
> United States Department of Justice
>
> By: _____
> Gordon D. Kromberg
> Thomas H. McQuillan
> Assistant United States Attorneys

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 10/11/10    _____
ZACHARY ADAM CHESSER
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/11/10    _____
Michael Nachmanoff
Brian Mizer
Counsel for the Defendant