# Attachment 16
# Declaration of David Jones

# October 11, 2013, Discipline Hearing Officer Report, IR # 2480658

*Chesser v. Bureau of Prisons*, No. 15-cv-01939-NYW

DISCIPLINE HEARING OFFICER REPORT
U.S. DEPARTMENT OF JUSTICE

BP-S304.052 MAY 94
FEDERAL BUREAU OF PRISONS

| | | | |
|---|---|---|---|
| INSTITUTION | USP Marion | INCIDENT REPORT NUMBER | 2480658 |
| INMATE NAME | Chesser, Zachary | REG NO  767145-083 | Unit I |
| DATE OF INCIDENT | 08-14-2013 | DATE OF INCIDENT REPORT | 08-19-2013 |
| OFFENSE/CHARGES | Code: 224; Assault | | |

**I. NOTICE OF CHARGE(S)**

A. The DHO Hearing was held on: 09-17-2013 at 12:02 p.m.

**II. STAFF REPRESENTATIVE**

A. Inmate requested or was appointed staff representation  Yes [ ]  No [X]

B. Statement of Staff Representative: N/A

N/A

**III. PRESENTATION OF EVIDENCE**

A. Inmate admits [X] denies [ ] neither [ ] the charges.

B. Summary of inmate statement:

I defiantly started the exchange. I went into cell. He got up and I was the first one to strike him. I started the fight. Then he pushed me, dragged me and put me up against the wall. He also pulled my beard. This guy is a bigot. He is always making comments about Muslim and it just got to me.

C. Witness(es):

1. The inmate requested witnesses  Yes: [ ]  No: [X]

2. The following persons were called as witnesses at this hearing and appeared.

N/A

3. The following persons requested were not called for the reason(s) given.

N/A

4. Unavailable witnesses submit written statements and those statements received were considered.  Yes: [ ]  No: [ ]  N/A [X]

N/A

D. Documentary Evidence:

Inmate did not present any documentary evidence at the hearing. All evidence used by the DHO is listed in Section V.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been determined to be reliable because:

N/A

**IV. FINDINGS OF THE DHO**

[X] A. The act was committed as charged.

B. The following act(s) was committed:

C. Summary of Charges:

D. No prohibited act was committed: Expunge according to Inmate Discipline PS 5270.09

*FOI Exempt*

**V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS**

The inmate's due process rights were reviewed by the DHO, during the hearing. The inmate stated he understood his rights and did not submit any documentary evidence. He confirmed

BOP000048

Page 1

Chesser v. BOP,
15-cv-01939-NYW

| DI ... NE HEARING OFFICER REPORT | BP-S304.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

he did not request any witnesses or a staff representative during the DHO hearing.

The DHO considered that the disciplinary process was delayed due to investigation and referral to the FBI. You did not express any issues encountered as a result of this delay; therefore, the DHO does not believe the delay hindered you from defending yourself against this charge.

The DHO advised you of a typographical error in section eleven of the incident report. Specifically, it lists the date of the incident as 8-19-2013; however, section 4 of the incident report lists the correct date of the incident as 8-14-2013. The DHO does not believe this error would hinder you from defending yourself against this charge to which you agree.

As stated in the Incident Report on August 19, 2013 at approximately 9:26 pm, I-unit staff announced via radio "fight." I-unit staff observed Inmate ▓▓▓▓ "bear hugging" inmate Zachary Chesser, Reg. No. 76715-083, in front of cell 101-016, and then separate as they were approached. Upon visual inspection of the inmates it was noticed that inmate ▓▓▓ had several small contusions around his left eye and no marks were noticed on inmate Chesser. As a result of the several small contusions around the left eye of inmate ▓▓▓▓, the Operations Lieutenant determined that inmate ▓▓▓ and inmate Chesser, had been involved in a physical altercation, resulting in inmate ▓▓▓ apparent injuries. Both inmates were photographed and questioned by the Operations Lieutenant about the incident. Inmate ▓▓▓ stated for no reason Chesser came into his cell and started hitting him in the face with his fist. ▓▓▓ then stated he grabbed him (Chesser) and held on to him until staff showed-up. Inmate Chesser refused to provide a statement. Medical assessments were conducted on August 15, 2013, due to Health Services staff off duty at the time of the incident. Inmate Chesser was assessed with no apparent injuries identified. Inmate ▓▓▓ was assessed with the following injuries noted: ½ inch abrasion to center forehead and outer aspect of left orbit. Also includes some bruising to outer left orbit and center of forehead. On 19 August 20 13, at approximately 2:25 pm, SIS staff reviewed camera footage of the alleged altercation on August 14, 2013, in I-unit. Inmate Chesser was observed leaving his assigned cell, 101-006, and proceeding down range to cell 101-016. Upon arriving outside cell 16, Chesser rushes into the cell at 9:24 pm and is observed exiting at 9:25 pm, engaged in an altercation with inmate ▓▓▓. Staff are observed on scene 9:26 pm, and both inmates Chesser and ▓▓▓ are escorted off range at 9:30 pm. As a result of you being positively identified on camera as the aggressor and injuries to inmate ▓▓▓, supports the conclusion you assaulted inmate ▓▓▓.

The DHO considered you decline to make a statement or a defense during the Investigation.

The DHO considered your statement during the UDC, "NO comment."

**FOI Exempt**

The DHO considered your statement as documented in Section III. B.

The DHO considered the memorandum by Lt. Patterson. On August 14th 2013, at approximately 9:26 p.m., I Unit staff called for assistance sounded. After I arrived on scene the I Unit #2 Officer, Massey, informed me that he observed Inmate ▓▓▓▓▓▓▓▓▓▓▓▓▓ "bear hugging" Inmate Chesser, Zachary #76715-083, in front of Cell I01-016, then separate as he approached. No other responding staff questioned about the incident witnessed anything. When I arrived I noticed several small contusions around the left eye of Inmate ▓▓▓▓▓▓▓▓▓▓ and no marks at all on Inmate Chesser, Zachary #76715-083. As a result of the several small contusions around the left eye of Inmate ▓▓▓, I determined that Inmates Inmate ▓▓▓▓▓▓ and Inmate Chesser, Zachary #76715-083, had been in some kind of altercation resulting in ▓▓▓ apparent injuries; therefore staff was directed to escort both inmates to the I Unit special Housing Unit pending further investigation. Both inmates; ▓▓▓▓▓▓▓▓▓ and Inmate Chesser, Zachary #76715-083, were visually inspected, photographed and questioned about the incident. There were no marks noted on Inmate Chesser, Zachary #76715-083 and several small contusions around the left eye of Inmate ▓▓▓▓▓▓▓▓▓▓▓, when questioned each stated the following; Inmate ▓▓▓▓▓▓▓▓▓▓▓▓▓, was photographed and questioned first. When questioned about the incident he stated "for no reason Inmate

Page 2

BOP000049

Chesser v. BOP,
15-cv-01939-NYW

| DI     IE HEARING OFFICER REPORT | BP-S304.052 MAY 94 |
|---|---|
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

Chesser, Zachary #76715-083, came in his cell I01-016, and started hitting me in the face with his fist, that was it. I grabbed him and held on to him until staff showed-up. I don't know why he did it!" Inmate Chesser, Zachary #76715-083, was photographed, and when questioned about the incident stated; I have no comment!

The DHO considered the memorandum by Officer Massey. At approximately, 9-24 PM, I observed unusual movement at the end of A-range (in front of cell I01-016). I walked down the range and discovered inmate ▇▇▇▇▇▇▇▇▇▇ having both arms around inmate Chesser, Zachary 76715-083 mid-section. I called "fight in I-Unit, A-Range" via radio, ordered inmate ▇▇ into his assigned cell and inmate Chesser against the wall. All orders were followed without further incident.

The DHO considered the photographs taken for the incident. The pictures take of you depict the following: you face and upper torso with no apparent injuries. In the pictures taken of inmate ▇▇ it depicts the following: his face with a red mark between his eyes at the eyebrow line.

The DHO considered the medical assessment prepared by Nurse Cullers. You sustained no identifiable injuries. Inmate ▇▇ sustained the following injuries: ½ inch abrasion to center forehead and outer aspect of left eye, also some bruising to outer left eye and center of forehead.

The DHO considered the video footage of the incident. You walk out of cell 5 and proceed down the range. You run into the last cell at the end of the range. A few moments later inmate ▇▇ is seen pushing you out of the cell. You are seen struggling with inmate ▇▇. Inmate ▇▇ appears to wrap his arms around your mid-section in attempt to hold on to you. You struggle to get away from his hold. The Range officer is seen walking on to the range and see the activities at the end of the range. He appears to radio for assistance and runs down to where you and inmate ▇▇ are. He separates the two of you to which you both compile. More staff arrives at this time. You and inmate ▇▇ can be seen being escorted off the range.

After careful consideration, the DHO found you committed the prohibited act of Code 224, Assault, based on the greater weight of the evidence as presented above. Specifically, section 11 of the incident report where staff documented you assaulted another inmate. The video shows you run into inmate ▇▇ cell. Then he is pushing you out and places you in a bear hug until staff arrives. The DHO considered your claim that inmate ▇▇ pulled your beard and that you were fighting with him; however, you provided no evidence to support your claim. The medical assessments and photographs taken show inmate ▇▇ received injuries and you did not. Staff observed inmate ▇▇ holding you around the mid-section when the observed the incident and he released you when order to do so. The DHO considered your statement during the hearing, "I defiantly started the exchange. I went into cell. He got up and I was the first one to strike him. I started the fight. Then he pushed me, dragged me and put me up against the wall. He also pulled my beard. This guy is a bigot. He is always making comments about Muslim and it just got to me." Therefore the DHO believes you went into the cell and assaulted inmate ▇▇ and that inmate ▇▇ attempted to stop the assault by pushing you out of the cell against the wall and then bear hugging you until staff arrived. Inmate ▇▇ cell is the last one on the range he had no place to escape the situation. There is some evidence to support that you assaulted another inmates, based upon the reporting officers documented report, supporting memorandums, medical encounters, photographs taken you the incident, the video footage of the incident, and your admission that you strike him; all shows you committed the prohibited act.

FOI Exempt

VI. SANCTION OR ACTION TAKEN

Code 224:
27 Days Disallowance of Good Conduct Time
90 Days Telephone Restriction

BOP000050

| DI___ _E HEARING OFFICER REPORT | BP-S304.052 MAY 94 |
| --- | --- |
| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |

90 Days Commissary Restriction
90 Days Visiting Restriction

**VII. REASON FOR SANCTION OR ACTION TAKEN**

Assaulting any person is an attempt or threat to do violence to another, or the non-consensual touching of another person. This type of action creates an unsafe environment for other inmates and staff and hampers their ability to run a safe and secure institution. In the past, serious assaults have resulted in retaliation assaults causing even more injuries, and even deaths, which cannot and will not be tolerated. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times. Although not directly related to the infraction, privileges were taken to deter the inmate from this behavior in the future.

**VIII. APPEAL RIGHTS:** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

Yes  X    No

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name of DHO | Signature of DHO | Date |
| --- | --- | --- |
| M. Puckett | *[signature]* | 10-10-2013 |
| Report delivered by: | *[signature]* | Date: 10-11-13 |

(This form may be replicated in WP)                     Replaces BP-304(52) of JAN 88

FOI Exempt

Page 4

BOP000051