# Attachment 19
# Declaration of David Jones

# December 17, 2013, Discipline Hearing Officer Report, IR # 2523214

*Chesser v. Bureau of Prisons*, No. 15-cv-01939-NYW

BP-A304
AUG 11

# DISCIPLINE HEARING OFFICER REPORT

CDFRM

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU OF PRISONS**

| INSTITUTION | USP MARION | INCIDENT REPORT NUMBER | 2523214 | |
|---|---|---|---|---|
| INMATE NAME | CHESSER, Zachery | REG NO | 76715-083 | UNIT | I |
| DATE OF INCIDENT | 12-04-2013 | DATE OF INCIDENT REPORT | 12-05-2013 | |
| OFFENSE CODE(S)/CHARGES | 299 / Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution Most Like 203 & 204 / Threatening Another with Bodily Harm & Extortion; Blackmail; Protection; Demanding or Receiving Money or Anything of Value in Return for Protection Against Others, to Avoid Bodily Harm, or Under Threat of Informing | | | |

| I. | **NOTICE OF CHARGE(S)** | | |
|---|---|---|---|
| A. | Advanced written notice of the charge (copy of Incident Report) was given to inmate on: | | 12-05-2013 |
| B. | The inmate was advised of his/her rights before the DHO on: | 12-05-2013 | A copy of the advisement of rights form is attached. |
| C. | The DHO Hearing was held on: | 12-11-2013 | |

| II. | **STAFF REPRESENTATIVE** | | | | |
|---|---|---|---|---|---|
| A. | Inmate declined staff representative. | | Yes: | | No: X |
| B. | The following staff representative appeared: | | Lieutenant M. Deloia | | |
| C. | Requested staff representative declined or could not appear. The inmate was advised he could request the hearing be postponed to obtain another staff representative. The inmate chose: N/A | | | | |
| D. | Staff representative | N/A | | | was appointed. |
| E. | Staff representative statement: Lieutenant Deloia advised the DHO he reviewed the incident report and met with the inmate prior to this hearing, acknowledged fulfilling his duties as a staff representative, and stated the inmate's due process rights had been afforded to him. Deloia stated he provided a copy of the TRULINCS e-mail in question to the inmate as requested by the inmate. Deloia stated the inmate did not ask him complete any other tasks and he had no evidence to offer toward the mitigation of the charge against the inmate. | | | | |

| III. | **PRESENTATION OF EVIDENCE** | | | | | |
|---|---|---|---|---|---|---|
| A. | The inmate | ADMITS | | DENIES X | NEITHER | the charge(s). |
| B. | Summary of inmate statement: I wasn't trying to make it sound like, "Do this or this guy cannot come out." I was just trying to say he had a threat against him. I don't have leadership here and I am not a "shot caller." I was just offering to help staff. I wasn't trying to extort staff; here's an existing problem, I might be able to help if you choose a second option. I was just telling them about the issues and giving them a second option. I stopped the issue that put the inmate in SHU. If I wanted to hurt him, I could have. Yes, I sent the e-mail. | | | | | |
| C. | Witness(es): | | | | | |
| 1. | The inmate requested witness(es). | | | Yes: | | No: X |
| 2. | The following persons were called as witnesses at the hearing and appeared (Include each witness' name, title, register number, and statement as appropriate.): | | | | | |
| N/A | # | Statement: | | | | |
| N/A | # | Statement: | | | | |

FOI Exempt

BOP000118

Chesser v. BOP,
15-cv-01939-NYW

BP-A304
AUG 11

DISCIPLINE HEARING OFFICER REPORT

CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                **FEDERAL BUREAU OF PRISONS**

| N/A | | # | Statement: | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3. | The following persons requested were not called for the reason(s) given: | | | | | | | | |
| N/A | | # | Statement: | | | | | | |
| 4. | Unavailable witnesses were asked to submit written statements and those statements received were considered. | | | Yes | | No | | N/A | X |
| D. | Documentary Evidence: The inmate did not submit documentary evidence. All evidence considered by the DHO is listed in Section V. | | | | | | | | |
| E. | Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: N/A | | | | | | | | |
| IV. | **FINDINGS OF THE DHO** | | | | | | | | |
| X | A. | The act was committed as charged. | | | | | | | |
|   | B. | The following act was committed: | | | | | | | |
|   | C. | No prohibited act was committed. | | | | | | | |
| V. | **SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS** | | | | | | | | |

The inmate's due process rights were reviewed with him by the Discipline Hearing Officer at the time of the hearing and the inmate stated he understood his rights. The inmate confirmed he received a copy of the incident report, notice of hearing, and rights before the DHO. The inmate confirmed he requested Lieutenant M. Deloia to serve as his staff representative and Deloia was present throughout the hearing as the inmate's staff representative. The inmate confirmed he did not request to call witnesses in reference to the matter in question. The inmate and his staff representative raised no issues in reference to the disciplinary process to this point and indicated they were ready to proceed with the hearing.

The DHO considered the following information provided by the reporting staff member: On December 4, 2013, at approximately 9:08 a.m., inmate Zachary Chesser, Reg. No. 76715-083, submitted an electronic Request to Staff. In his message, Chesser stated inmate ███████████████████████, would not be safe if he were allowed to return to the population of the MAR CMU from the Special Housing Unit. Further, Chesser stated ███ would not be safe if he was transferred to THA CMU as well. However, Chesser offered if inmate ████████████████████████ was released from the Special Housing Unit, his ADX referral stopped, and ███ returned to the MAR CMU population, then Chesser himself would "work something out" in the MAR CMU to ensure ███ safety. More directly, Chesser purported the Muslim inmate population at both MAR CMU and THA CMU would be the cause of potential harm to ███ and he, Chesser, could control the Muslim inmate population at MAR CMU to ensure ███ safety. In his Request to Staff, Chesser attempted to extort staff by negotiating the release of ███ from the Special Housing Unit in exchange for guarantees over the physical safety and welfare of ███. Chesser's actions threaten the security and orderly running of the institution by attempting to manage and control the inmate population, including those inmates who are placed in, and released from, the Special Housing Unit, and preclude staff from making and enforcing decisions based on the safety of inmates and security of the institution.

The DHO considered the contents of the electronic Request to Staff submitted by inmate Chesser, which was as follows:

From: "CHESSER, ZACHARY ADAM" <76715083@inmatemessage.com>
Date: 12/4/2013 9:08 AM
Subject: ***Request to Staff*** CHESSER, ZACHARY, Reg# 76715083, MAR-I-A
To: Rivas/Captain

This guy ███ will not be safe if he comes out in this unit, and he will not be safe if he is sent to Terre Haute for other

FOI Exempt

BOP000119

BP-A304
AUG 11

DISCIPLINE HEARING OFFICER REPORT    CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

reasons. However, if you all will drop the attempt to send ▮▮▮▮ to ADX or SMU, then I believe I could probably work something out with regard to this unit, although I have no control over Terre Haute's issue. Terre Haute's Muslim population is a different crowd than the one here anyway. I am a witness that most if not all of what has thus far been told to ▮▮▮▮ about the reasons for his facing ADX are not true, and it all seems to be the product of gossip anyway, so it is wrong to make him face an investigation like this to begin with. Those guys Gruber and Massey were stirring up rumors with the non-Muslims, and that led to a lot of speculation about ▮▮▮▮ which was unfounded.

The DHO considered the statement provided by inmate Chesser during the investigation of the incident report issued to him. Chesser stated, "It is not a threat. It was information. I wasn't doing anything at all."

The DHO considered the statement provided by inmate Chesser during his hearing before the Unit Discipline Committee concerning the matter in question. Chesser stated, "I was not trying to disrupt security. I was attempting to help staff by providing another option. I did not threaten anyone, nor do I control anyone else in the Unit."

The DHO considered the statement of inmate Chesser as cited in Section III.B.

Based on the greater weight of information and evidence provided by the reporting staff member reflecting inmate Chesser submitted an electronic Request to Staff in an attempt to extort staff by negotiating the release of ▮▮▮▮ from the Special Housing Unit in exchange for guarantees over the physical safety and welfare of ▮▮▮▮; a review of the electronic Request to Staff submitted by Chesser; and the qualified admission by Chesser he submitted the electronic Request to Staff in question; the DHO found Chesser committed the prohibited act of Conduct Which Disrupts or Interferes with the Security or Orderly Running of the Institution, Code 299, Most Like Threatening Another with Bodily Harm, Code 203, and Extortion; Blackmail; Protection; Demanding or Receiving Money or Anything of Value in Return for Protection Against Others, to Avoid Bodily Harm, or Under Threat of Informing, Code 204. While Chesser denied he threatened anyone or was extorting staff, and claimed he was only attempting to help staff by advising staff of the issues and presenting another option for staff to consider, Chesser's electronic Request to Staff contained the components leading the DHO to determine Chesser committed the prohibited act. First, while Chesser did not specifically threaten inmate ▮▮▮▮, Chesser claimed ▮▮▮▮ would not be safe if ▮▮▮▮ returned to the Unit at USP Marion and would not be safe if ▮▮▮▮ was transferred to Terre Haute. Coupling Chesser's notification to staff that ▮▮▮▮ safety was at risk at USP Marion and Terre Haute, Chesser specifically stated he "could probably work something out" in regard to ▮▮▮▮ returning to the Unit at USP Marion if staff dropped an attempt to transfer inmate ▮▮▮▮ to the ADX or SMU. Therefore, while Chesser denied he engaged in the behavior attributed to him contending the reporting staff member misunderstood his good intentions, the DHO believed the electronic Request to Staff submitted by Chesser was essentially Chesser's attempt to use the safety of ▮▮▮▮ as a bargaining platform to coerce or extort staff into agreeing to his demand of stopping the transfer of ▮▮▮▮. In addition, an indication of Chesser's influence on the potential safety of ▮▮▮▮ was evident in Chesser's statement to the DHO implying he could hurt ▮▮▮▮ or could have ▮▮▮▮ hurt by others, because he was aware of the issue leading to ▮▮▮▮ placement in the Special Housing Unit, i.e., "The issue that put ▮▮▮▮ in SHU, I stopped. If I wanted to hurt him I could have."

| VI. | SANCTION OR ACTION TAKEN |
|---|---|

Code 299 Most Like Codes 203/204: 27 days DIS GCT; 90 days LP Commissary, Phones, and Visits

| VII. | REASON FOR SANCTION OR ACTION TAKEN |
|---|---|

The action on the part of any inmate to engage in conduct which disrupts or interferes with the security or orderly running of the institution most like threatening another person's safety and extorting/blackmailing staff members poses a very serious threat to the health, safety, and welfare of not only the persons involved, but that of all inmates and staff. The DHO hopes the sanctions imposed will serve to deter the inmate from engaging in any such future behavior of this nature and encourage the inmate to use better judgment when communications with staff members.

FOI Exempt

BOP000120

BP-A304
AUG 11

DISCIPLINE HEARING OFFICER REPORT      CDFRM

U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

| VIII. | APPEAL RIGHTS: The inmate has been advised of the findings; specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action through the Administrative Remedy Program within 20 calendar days of the receipt of this report. |
|---|---|
| IX. | DISCIPLINE HEARING OFFICER |

| Printed Name of DHO | Signature of DHO | Date |
|---|---|---|
| J. Buser | [signature] | 12-17-2013 |
| Report delivered to inmate by: | a.R. [signature] | Date 12·17·13 |
| Report delivered to: Inmate Chesser | [signature] | Date 12·17·13 |

PDF                        Prescribed by P5270                Replaces BP-304(52) of JAN 88

FOI Exempt

BOP000121