UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 23 2018

JEFFREY P. COLWELL
CLERK

Civil Action No. 1:15-cv-1939-NYW

ZACHARY A. CHESSER,
   Plaintiff,

v.

DIRECTOR, BUREAU OF PRISONS,
   Defendant.

## PLAINTIFF'S OBJECTIONS TO THE IMPOSITION OF COSTS

The Plaintiff objects to the imposition of costs on two grounds: (1) bad faith conduct by the Defendant; and (2) his inability to pay them.

In the first case, the Defendant confiscated a fifty-page article the Plaintiff wrote soliciting counsel and explaining his strategies and arguments in this case when it was returned to him by the University of Denver's legal clinic via priviledged legal correspondence. Ex. A ¶¶ 1-2; Ex. B ¶ 1. As one can imagine, this forced the Plaintiff to alter his strategies and arguments. Ex. A ¶ 3. It should be presumed that this gave the Defendant an unfair advantage in this case. Even if counsel were to avow they didn't use it, it's client had access to it, and such a claim is unlikely. Also, the Defendant never rectified the problem the Plaintiff faced in obtaining copies (the problem persists), which prevented him from

1

fully pursuing his claims. Ex. A ¶ 4. One example of this is how one of his discovery requests was unable to be filed because the Defendant failed to copy it or even return the original toward the end of discovery. Ex. A ¶ 5.

The Plaintiff is proceeding in forma pauperis and his financial situation has not improved. The $2,330.80 requested by the Defendant will not realistically be paid back.

In Chesser v. Walton, 2017 U.S. Dist. LEXIS 168196 (S.D. Ill. Oct. 11, 2017), the court reduced the costs against the Plaintiff from $1,816.79 to $300 based on his inability to pay. Id. (citing Rivera v. City of Chi., 469 F.3d 631, 634-36 (7th Cir. 2006). The facts relevant to this inquiry here are no different. This was a non-frivolous case litigated in good faith by Chesser, so the Court should at least reduce the costs in a similar fashion.

Chesser v. Walton also recognized how costs can be reduced or denied based on misconduct. Id. (citing Mother & Father v. Cassidy, 338 F.3d 704, 708 (7th Cir. 2003). In Chesser v. Walton, the misconduct was less egregious (failing to respond to discovery requests) and was already sanctioned, so the court declined to reduce

2

costs on these grounds. Here, the conduct of the Defendant was far more substantial and was not previously addressed.

Choosing not to impose costs for a Defendant who engaged in serious misconduct and who will never recover a meaningful amount of money anyway,[1] is more than appropriate.

Respectfully submitted,

Zachary A. Chesser
Reg. No. 76715-083
U.S.P. Florence - High
P.O. Box 7000
Florence, CO 81226
10/9/18

---

[1] The BOP's current plan is to deduct $100 per year from the Plaintiff's account, and even that is dependent on him having the money.