IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01939-NYW

ZACHARY A. CHESSER,

    Plaintiff,

v.

DIRECTOR FEDERAL BUREAU OF PRISONS,

    Defendant.

# ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Plaintiff Zachary A. Chesser's ("Plaintiff" or "Mr. Chesser") Objections to the Imposition of Costs (or "Objections"), filed October 23, 2018. [#213]. This civil action was referred to the undersigned Magistrate Judge to fully preside over for all purposes. *See* [#37]; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; D.C.COLO.LCivR 72.2(d). Having reviewed the Objection to Costs, Defendant Director of Bureau of Prisons' ("Defendant" or "BOP") Response, and the applicable case law, the court **OVERRULES** Plaintiff's Objections for the reasons stated herein.

## BACKGROUND

    This court presumes the Parties' familiarity with the background of this case and will therefore discuss it only as it pertains to the instant Objections. Plaintiff initiated this civil action on December 22, 2014 in the United States District Court for the District of Columbia. [#1-1]. Plaintiff, a Muslim, alleged that the BOP substantially burdened his exercise of religion in violation of the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1 *et seq. See generally* [*id.*; #3; #58]. The District Court for the District of Columbia transferred this

matter to this District on September 8, 2015. *See* [#1]. Upon his transfer to this District, the court directed Mr. Chesser to file an Amended and Second Amended Complaint, and the Honorable Lewis T. Babcock drew two of Plaintiff's four claims to the undersigned Magistrate Judge. *See* [#4; #20; #22; #24; #25].

On March 25, 2016, the court denied Plaintiff's Motion to Reconsider the dismissal of two of his four claims, but granted in part his Motion for Leave to Amend [#46]. *See* [#53]. Plaintiff filed his Third Amended Complaint ("TAC"), the operative pleading in this matter, on June 9, 2016. [#58]. The TAC asserted two claims against Defendant for violations of RFRA: the BOP's policy of "holding inmates in solitary confinement due to their ties to terrorism" ("Claim III") and its conditions of confinement at the ADMAX United States Penitentiary in Florence, Colorado ("ADX") substantially burdened the exercise of Mr. Chesser's sincerely held religious beliefs ("Claim IV"). *See* [*id.*]. The court granted in part the BOP's Motion to Dismiss the TAC, leaving intact a portion of Claim III and the entirety of Claim IV. *See* [#86].

Following several impasses with discovery the court granted the Parties' request for a 120-day extension of the discovery and dispositive motions deadline, extending those deadlines to January 23 and February 26, 2018, respectively. *See* [#159]. Each party then received an additional extension of time to file their respective dispositive motions. *See* [#174; #179]. The BOP filed its Motion for Summary Judgment on March 2, 2018 [#180] and Plaintiff his Second Motion for Partial Summary Judgment on April 2, 2018 [#193]. On August 6, 2018, the court granted summary judgment in favor of the BOP on all claims and against Plaintiff, and awarded costs to the BOP as the prevailing party. *See* [#208]. Final Judgment entered in favor of Defendant and against Plaintiff on August 7, 2018. [#209].

Defendant then submitted its proposed bill of costs on August 10, 2018. *See* [#210]. On October 2, 2018, following a hearing on the proposed bill of costs, the Clerk of the Court assessed costs in the amount of $2,330.80 against Plaintiff. *See* [#212]. Plaintiff objected to the imposition of costs on October 23, 2018, arguing that the BOP conducted itself in bad faith during litigation and that Plaintiff cannot pay the assessed amount. *See* [#213; #213-1]. Defendant has since responded, *see* [#214], and though Plaintiff has not since replied, nothing precludes the court from addressing Mr. Chesser's Objections at this time. *See* D.C.COLO.LCivR 7.1(d).

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1).[1] Indeed, the denial of costs to the prevailing party is a severe remedy, *see Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995), and the district court must support its denial of costs with valid reasons, *see Utah Animal Rights Coal. v. Salt Lake Cty.*, 566 F.3d 1236, 1245 (10th Cir. 2009). In several instances, however, the denial of costs may be appropriate, such as when:

1. the prevailing party is only partially successful,
2. the prevailing party was obstructive and acted in bad faith during the course of the litigation,
3. damages are "only nominal,"
4. the nonprevailing party is indigent,
5. costs are "unreasonably high or unnecessary," or
6. the issues are "close and difficult."

---

[1] I note that Mr. Chesser did not file his Objections within the seven days contemplated by the Rule, but the BOP does not challenge the Objections on these grounds and so the court will proceed to consider the Objections as if they were timely. *See Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005) (noting that district courts have discretion to consider untimely motions).

*Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 659-60 (10th Cir. 2013) (internal quotation marks omitted).

**ANALYSIS**

Mr. Chesser levies two objections to the Clerk of the Court's assessment of costs: (1) the BOP litigated in bad faith and (2) Plaintiff cannot afford to pay the award. *See* [#213]. For the following reasons, the court overrules both objections.

*First*, Mr. Chesser argues that a BOP official, Counselor Munoz, confiscated a legal correspondence and article that Mr. Chesser wrote to the University of Denver's pro bono legal clinic, which explained his case and legal arguments and strategies. *See* [#213 at 1-2; #213-1 at ¶¶ 1-2; #213-2 at ¶ 1]. Plaintiff contends that Counselor Munoz took the legal correspondence and article and copied the documents even though neither contained illicit material. *See* [#213-1 at ¶ 2]. Because of this, Mr. Chesser asserts that he had to change his legal course for fear that the BOP could anticipate his legal arguments and strategies. *See* [*id.* at ¶ 3]. Plaintiff also alleges bad faith by the BOP because for the "entirety of 2018, [he] had great difficulty in getting copies made," which precluded him from filing documents in this matter because they were his only copy. *See* [*id.* at ¶¶ 4-5].

The BOP counters, and the court agrees, that Mr. Chesser's belated assertions regarding the legal correspondence and article are insufficient to establish that the BOP obstructed this litigation or acted in bad faith. *See* [#214]; *cf. Arkansas River Power Auth. v. Babcock & Wilcox Co.*, No. 14-CV-00638-CMA-NYW, 2017 WL 3116286, at *6 (D. Colo. July 21, 2017) (finding that where "1) Plaintiff concealed the prior expert report written by Richard Gendreau triggering a second deposition, and (2) Plaintiff failed to produce documents it claimed were privileged but that were not" do not constitute obstruction or bad faith because discovery disputes are common

in complex cases). Mr. Chesser was prolific in making filings with the court, and at no point in this litigation did Mr. Chesser alert the court of this predicament. Nor did Plaintiff's legal arguments or theories about his claims appear to waiver as evidenced by the several comprehensive discovery conferences held with the court. Indeed, it is unclear to this court why Mr. Chesser would have been compelled to change his legal strategy for fear of the BOP's ability to anticipate them, given that persuasive legal arguments are not like strategic chess games but rather are based applying the law to the facts of a case.

And while the court understands Mr. Chesser's frustrations regarding copies of his documents, the onus remains on the Parties to maintain their files. At bottom, this case presented complex issues that resulted in several disputes among the Parties. This, however, does not constitute obstruction or bad faith sufficient to deny the BOP its awarded costs. *Compare Dillon v. Twin Peaks Charter Academy*, No. 99-cv-CMA-BNB, 2009 WL 3698519, at *2 (D. Colo. Nov. 3, 2009) (finding defendant's change in argument after years of litigation was neither obstructive nor in bad faith); *A.D. v. Deere & Co.*, 229 F.R.D. 189, 193 (D. N.M. 2004) (finding defendant's conduct did not rise to level of egregiousness warranting denial of award of costs where alleged obstructiveness and actions in bad faith were simply discovery disputes); *with TK-7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 736 (10th Cir. 1993) (affirming district court decision to not award costs where prevailing party attempted to circumvent a court order—"an attempt which the court characterized as 'both professional and unconscionable'"); *Sheets v. Yamaha Motors Corp.*, U.S.A., 891 F.2d 533, 539 (5th Cir. 1990) (upholding district court's decision not to award costs to prevailing party where it was "forced to endure defendants' repeated and abusive hardball tactics," including unjustifiable refusal to produce documents, violating an order to compel, repeatedly making false representations to the court, and more).

***Second***, Mr. Chesser asserts that because he "is proceeding *in forma pauperis* and his financial situation has not improved[,] . . . the Defendant will no realistically be paid back." [#213 at 2]. Mr. Chesser continues that the Southern District of Illinois reduced the costs assessed against him because of his inability to pay, and thus this court should follow suit. I respectfully decline to do so.

It is true that courts have discretion to deny or reduce costs if the losing party is indigent. *See Cantrell v. Int'l Broth of Elec. Workers AFL-CIO Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citations omitted). But "Plaintiff's indigence alone is not dispositive and the court observes that Congress has specifically provided litigants proceeding *in forma pauperis* shall be liable for costs in the same manner 'as in other proceedings.'" *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) (quoting 28 U.S.C. § 1915(f)(1)); *accord Feliciano v. Selsky*, 205 F.3d 568, 570-71 (2d Cir. 2000) (noting that 28 U.S.C. § 1915 governs an inmate's rights and obligations when proceeding *in forma pauperis*). Pursuant to § 1915(f)(2)(A), "If the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the *full amount of the costs ordered*." 28 U.S.C. § 1915(f)(2)(A) (emphasis added). "Because a prisoner can no longer challenge the assessment of fees from the district court on the grounds that the prisoner is unable to pay the assessment, if a court chooses to tax a prisoner costs, the prisoner is required to pay the assessment in full." *Talley-Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999). Accordingly, the court no longer has discretion to modify an award of costs based on the prisoner's inability to pay those costs. *See Whitfield v. Scully*, 241 F.3d 264, 273 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016).

Based on the foregoing, Mr. Chesser's inability to pay the taxed costs, by itself, is an insufficient basis to grant him the relief requested. Here, the Clerk of the Court found the BOP's

costs to be reasonable, despite Mr. Chesser's objections, because the BOP reduced its standard rate for copies to $.10/page and the Clerk of the Court verified the accuracy and necessity of paper copies sent to Mr. Chesser as well as the costs incident to his deposition. *See* [#210]. Other than arguing that the Southern District of Illinois reduced the assessment of costs in an unrelated action involving Mr. Chesser, Plaintiff offers no sufficient reasoning for doing so here other than his indigency. Thus, I find no basis to reduce the assessment of costs based on Mr. Chesser's indigency.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Mr. Chesser's Objections to the Imposition of Costs [#213] is **OVERRULED**;

(2) Mr. Chesser shall pay the BOP its awarded costs in the amount of $2,330.80; and

(3) A copy of this Order shall be mailed to:

CASE MANAGER FOR ZACHARY A. CHESSER #76715-083
FLORENCE HIGH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

DATED: February 15, 2019
BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge